In The United States District Court
For The Western District of Texas
Waco Division

**FILED**
December 08, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

Joseph Thomas Snider,
#02379196 Plaintiff,
v.
Sheriff Jeremy Shipley, et al.

Civil Action No.
W-23-CA-683-ADA

Motion To Amend Order And Judgment Entered Doc. 12, Under R. 59(e)(2) or R. 60(b)(1),(d)(1), Fed. R. Civ. P.

Before The Honorable Judge, Alan D. Albright,

Plaintiff, Joseph Thomas Snider, respectfully moves the Court under R. 59(e)(2); R. 60(b)(1),(d)(1). Fed. R. Civ. P. to amend and or relief from order-judgment enter by the Court at doc. 12. November 13, 2023. The motions are not being presented for any improper purpose, the claim, defenses, and other legal contentions are warranted by existing law and by nonfrivolous arguments, the factual contentions have evidentairy support or, if specifically so identified, will likely have more evidentairy support after a reasonable opportunity for further investigation or discovery. Plaintiff discloses as follows,

## Argument

Defendants Shipley And Evans Actions in the Allegations of this complaint and Requested Amendment R. 15(a)(2); (b)(1) are by state law as administer. Tex. Code Crim. Proc. Art. 59.06(a), see state decisions, Four Thousand Thirty Dollars United States Currency $4,030.00 v. State. 2014 Tex. App. Lexis 9125 (7th Court of Appeals, 2014) id. HN 2.

1

And Disraeli v. Rotunda, 489 F.3d 628 (5.C. 2007) id. H210. The Court's order did not address the plaintiff's equal protection claim he attempted to set out at pg. 6 of complaint attachment. In which plaintiff also submitts Motion For Leave to Amend complaint with this proceeding in review. The plaintiff believes on the following holdings, the Court errored in decision of order, defendant Evans and Burkeen have absolute immunity.

The Fifth Circuit Court of Appeals held in similar facts of State (D.A.) requirements, id. Chrissy F. v. Mississippi Dep't of Public Welfare, 925 F.2d 844 (5.C. 1991) at 851, "While part of his official duties, is not strictly a "prosecutorial' function" citation omitted, the Court further found from Access to Court Claim of similar facts, "the alleged acts of the defendants from whom damages are sought would, if proved, constitute a violation of [plaintiff's] clearly establish right to access to the... Court.' Meaningful access to the Courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses."

See also, Singleton v. Pannizzaro, 956 F.3d 773 (5.C. 2020) id. at 778 " The Court reasoned that absolute immunity did not cover individual defendant's "ultra vires conduct," which was not " "intimately associated with the judicial phaze of the criminal process" because individual defendants had "side-stepped the judicial process" and "operated outside of the process legally required by the [state] Code of Criminal Procedure." As the Plaintiff attempted to alleged in his complaint, defendants Evans, Burkeen and Shipley's deputy staff comitted acts in violation of

2

equal protection of the law and rights the plaintiff was entitled too, Tex. Code of Crim. Proc. Art. 59.03 (d) A peace officer, including the peace officer who seizes the property, may not request, require, or in any manner induce any person, including a person who asserts an interest in or right to the property, to execute a document purporting to waive the person's interest in or rights to property seized under this chapter. (e) An attorney representing the state may not request, require, or in any manner induce any person, including a person who asserts an interest in or right to property seized under this chapter, to execute a document purporting to waive the person's interest in or rights to the property.

The Fifth Circuit Court of Appeals further holds in Singleton, at 779, 1. Overview of Absolute Prosecutorial Immunity for §1983 Claims HN4 "In discussing absolute immunity, '[th]e Supreme Court has made clear that it is the interest in protecting the proper function of the office, rather than the interest in protecting its occupant, that is of primary importance.'" Loupe, 824 F.3d at 538 (quoting Kalina, 522 U.S. at 125). "'Thus,' the actions of a prosecutor are not absolute immune merely because they are performed by a prosecutor.'" Loupe, 824 F.3d at 538 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed. 209 (1993)).

The Court's order at pg. 8, F. Prosecutorial immunity could be considered an abuse of discretion by the Fifth Circuit holding in Singleton, 956 F.3d 773, because it fails to consider the cited "functional approach" of Burns, 500 U.S. 478 quoted, " More specifically, the Court distinguishes between (1) Actions taken "in preparing for the

3

initiation of judicial proceedings or for trial, [780] and which occur in the course of [the prosecutor's] role as an advocate for the State," And (2) "administrative duties and those investigatory of a prosecution or for judicial proceedings." Buckley, 509 U.S. at 273.

See also, Singleton at 780 as the Court noted in its order at pg. 8. Fails in considering the more detail holding of Cousin v. Small, 325 F.3d 627, 632 (5.C. 2003) (per curiam) citation, (quoting Buckley, 509 U.S. At 272-73). Thus prosecutors are absolutely immune even for "[W]illful or malicious prosecutorial misconduct... if it occurs in the exercise of their advocatory function." Cousin, 325 F.3d at 635. But by the same token, "State prosecutors are not entitled to absolute immunity when they perform functions other than their quasi-judicial functions of "initiating prosecutions and presenting the State's case." Marrero v. City of 625 F.2d 499, 507 (S.C. 1980).

(quoting, Imbler, 424 U.S. at 431) id. at 780, HN8, But "When a prosecutor acts outside his quasi-judicial he is not making decisions comparable to those of a judge or grand juror. Thus, subjecting him to liability for such decisions will not interfere to the same degree with the effective function of the criminal justice system. Marrero, 625 F.2d at 508... Tex. Code Crim. Proc. Art 59.03 (d)(e). See, City of El Paso v. Heinrich, 284 S.W.3d 366 (Tex. 2009) id. HN3 (same). The Court's order plaintiff believes is contrary and overlooked a establish holding by the Fifth Circuit Court of Appeals, See, Green v. State Bar, 27 F.3d 1083 (5.C. 1994) At HN8, "A private party may be held liable under §1983 if he or she is a

4

"Willful participant in joint activity with the State or its Agents." Adicks v. S.H. Kress & Co., 398 U.S. 144 (1970). 42 U.S.C. §1985(3) requires plaintiff to allege that two or more persons conspired to directly or indirectly, deprive him of the equal protection of the laws or equal privileges and immunities under the laws. See also, Navejas v. DASO, 2023 U.S. Dist. Lexis 192798 (W.D. Tex. 2023) id. At *12]

2. Conspiracy. The plaintiff herein would need further factual development to clearly establish his conspiracy claim between individual defendants. Under federal holdings he has meet the required allegations at the pleading stage. A reasonable jury could infer from actions to "unlaw induce" the plaintiff to undersell his property against his will in violation of equal protection of the law and due process. Tex. Crim. Code Art 59.03 (d)(e) An underlying conspiracy existed between the parties. Defendants had no authority whatsoever to compel plaintiff to co-operate with their demands in letter or before in earlier date.

Wherefore premises considered, Plaintiff prays that the Court would grant his motion herein with the legal holdings above.

Respectfully Submitted,

/s/ Joseph Thomas Snider
Joseph Thomas Snider #02379196
12 / 05 / 2023

5

Joseph T. Snider
#02379196
Powledge Unit
1400 FM 3452
Palestine, TX 75803

Clerk, U.S. District Court
Western District of Texas
800 Franklin Ave., Rm 380
Waco, TX 76701

RECEIVED

DEC 08 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK